[Cite as *State v. Ingram*, 2019-Ohio-2438.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                        Nos. 107587 and 107588

v. :

DARNELL D. INGRAM, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 20, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-615726-A and CR-18-625763-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Jonathan A. Good, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Darnell D. Ingram, appeals his conviction for escape and the imposition of consecutive sentences. For the reasons that follow, we find no merit to the appeal and affirm.

{¶ 2} In June 2017, Ingram pleaded guilty in Cuyahoga C.P. No. CR-17-615726 to receiving stolen property. He was sentenced to a term of community control at a community-based correctional facility ("CBCF"). However, due to a sanction by the adult parole authority, Ingram was not placed into the CBCF program until November 2017. While at the facility, he was discovered with a cell phone, which was a violation CBCF policy. Ingram verbally confronted CBCF staff, kicked open one of the locked doors, and proceeded to kick the next door that led directly to the outside of the facility. Out of fear that Ingram would break the door, which would allow all residents unrestricted access to leave the facility, a staff member unlocked the outside door and Ingram fled from the facility. As a result, Ingram was charged in February 2018 in Cuyahoga C.P. No. CR-18-625763 with escape and vandalism.

{¶ 3} In July 2018, Ingram appeared in court for a probation violation hearing in Cuyahoga C.P. No. CR-17-615726 and for a plea hearing in Cuyahoga C.P. No. CR-18-625763. He pleaded guilty to escape; the vandalism charge was nolled. The court imposed a three-year prison sentence. Ingram was also found to be a probation violator and sentenced to 18 months in prison. The trial court ordered that both sentences be served consecutively for a total prison term of four and one-half years.

{¶ 4} Ingram now appeals, raising three assignments of error for our review.

## I. Competency Evaluation

{¶ 5} Ingram contends in his first assignment of error that the trial court erred when it failed to sua sponte order a competency examination when the record shows that he struggled to rationally follow the events of the hearing. Specifically, he contends that he was not thinking rationally when he committed the offenses at CBCF, and then was unable to pay attention during the plea hearing. Accordingly, he argues on appeal that the trial court should have ordered a competency evaluation.

{¶ 6} A defendant is presumed to be competent and has the burden of proving his incompetency by a preponderance of the evidence. *State v. Williams*, 23 Ohio St.3d 16, 28, 490 N.E.2d 906 (1986). A defendant is incompetent if he "is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense." R.C. 2945.37(G).

{¶ 7} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). "The competency standard for pleading guilty is the same as competency to stand trial." *In re K.A.*, 8th Dist. Cuyahoga No. 104938, 2017-Ohio-6979, ¶ 11, citing *State v. Bolin*, 128 Ohio App.3d 58, 713 N.E.2d 1092 (8th Dist.1998). As such, an incompetent defendant may not agree to and enter a guilty plea. *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 17.

{¶ 8} Trial courts must hold competency hearings when the issue is raised. R.C. 2945.37. The right to a competency hearing, however, only rises to the level of a constitutional guarantee where the record contains sufficient indicia of incompetency such that inquiry into competency is necessary to ensure a defendant's right to a fair trial. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 64.

{¶ 9} In this case, there is nothing in the record to suggest that Ingram was incompetent to stand trial or enter a plea. First, the record does not support Ingram's argument that he was unable to pay attention during the plea hearing. On two different occasions, the trial court asked for Ingram's attention — once to "pay attention" while counsel was discussing restitution with the court and then again when the trial court was about to engage in the requisite Crim.R. 11 plea colloquy with Ingram. However, during the plea colloquy, Ingram answered the trial court's questions appropriately and without any signs of confusion or misunderstanding. Additionally, he stated he was thinking clearly and asked a relevant question about jail time. Nothing in the record demonstrates that Ingram was struggling to understand what was occurring at the plea hearing so as to put the trial court on notice that a competency evaluation was warranted.

{¶ 10} Moreover, the record demonstrates that Ingram knew his possession of the cell phone was in violation of CBCF's policy, and he clearly stated that he escaped from the facility because the "last time I was in front of [the trial judge], you told me if I messed up I was going to go to prison. That was in the back of my mind,

so I attempted to try to escape and they opened the door for me and I left." (Tr. 19.) His statements prove that he was thinking rationally when he decided to leave. Accordingly, Ingram did not display sufficient indicia of incompetence to warrant the trial court to sua sponte order a competency evaluation.

{¶ 11} His first assignment of error is overruled.

## II. Consecutive Sentences

{¶ 12} In his second assignment of error, Ingram contends that the trial court erred when it ordered the probation violation sentence and the escape sentence to be served consecutively.

{¶ 13} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court must find that any one of the following applies:

> (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} In order to impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus.

{¶ 15} In this case, the trial court found at the sentencing hearing that the imposition of consecutive sentences was "necessary to punish you and not disproportionate to the danger you posed to the public, especially given your criminal history, and while waiting — the very nature of this offense shows that you cannot be supervised. You were on community control at the time of the commission of this, obviously, and your history of criminal conduct demonstrates consecutive terms are necessary to protect the public." (Tr. 20-22.) Additionally, pursuant to *Bonnell*, the trial court properly incorporated those findings into the sentencing entry.

{¶ 16} Ingram contends that the imposition of consecutive sentences was disproportionate to the crime because no one was physically hurt. We disagree because our review of the record demonstrates that the trial court's findings were supported by the record. First, although no one was physically harmed during Ingram's conduct at the facility, his actions created financial harm by damaging the facility's doors. In fact, Ingram agreed to pay restitution for the damaged doors in the amount of $2,500.36.

{¶ 17} Ingram also maintains that he was sentenced to consecutive sentences out of punishment for the trial court's frustration with the staff at CBCF for voluntarily opening the door, allowing Ingram to leave the facility. We disagree. Although the trial court was appalled that the staff at CBCF voluntarily opened the exterior door, allowing Ingram to leave the facility, the court imposed consecutive sentences based on Ingram's conduct and his inability to be rehabilitated.

{¶ 18} The court noted that Ingram's criminal history dated back to when he was 16 years old and sentenced as an adult to serve a five-year prison term. Additionally, he was on postrelease control when he committed the receiving stolen property offense in 2017, and when the trial court gave him a chance to serve his sentence on the new offense at CBCF, Ingram repeatedly violated the policies at the facility, including vandalizing the facility and ultimately escaping. Additionally, even after he escaped from CBCF, he stayed at large for seven months until he was apprehended by the Cuyahoga Metropolitan Housing Authority. Accordingly, the imposition of consecutive sentences is supported by the record.

{¶ 19} The second assignment of error is overruled.

### III. Effective Assistance of Counsel

{¶ 20} Having found no error in his first and second assignments of error, Ingram's third assignment of error raising an ineffective assistance of counsel claim for failing to request a competency evaluation and object to the imposition of consecutive sentences, is hereby summarily overruled. His counsel cannot be declared to have rendered ineffective assistance when the record reveals that no

error occurred during the plea and sentencing stages. *See, e.g., State v. Williams*, 5th Dist. Licking No. 08-CA-23, 2008-Ohio-6842, ¶ 34 (if no error exists on the underlying claims, a court need not go through each claim again in an ineffective assistance analysis).

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR