[Cite as *State v. Garber*, 2022-Ohio-3770.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                              Court of Appeals No.  S-21-018

     Appellee                                        Trial Court No.  21-CR-147

v.

Christopher L. Garber                            **DECISION AND JUDGMENT**

     Appellant                                       Decided:  October 21, 2022

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Defendant-appellant, Christopher L. Garber, appeals the October 7, 2021

judgment of the Sandusky County Court of Common Pleas, convicting him of

importuning and sentencing him to nine months in prison.  For the following reasons, we

affirm the trial court judgment.

## I.  Background

{¶ 2} On August 9, 2021, Christopher Garber entered a plea of guilty to one count of importuning, a violation of R.C. 2907.07(D)(2)(f), a fifth-degree felony.  The trial court accepted Garber's plea, made a finding of guilty, and continued the matter for sentencing.  On October 6, 2021, the court sentenced Garber to nine months in prison, five years' mandatory postrelease control, and court costs, and designated Garber a Tier 1 sexual offender.  Garber's conviction and sentence were memorialized in a judgment journalized on October 7, 2021.  Garber appealed.  He assigns the following error for our review:

> Counsel rendered ineffective assistance of counsel by his failure to request a competency evaluation on a client with obvious and known signs of intellectual delays.

## II.  Law and Analysis

{¶ 3} In his sole assignment of error, Garber claims that trial counsel was ineffective for failing to request a competency evaluation.  He argues that he has known intellectual delays and he exhibited confusion during his plea hearing, which should have signaled to a reasonable attorney that he did not understand the full extent of his plea.

{¶ 4} The state responds that Garber was not incompetent.  It maintains that Garber had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and had a factual understanding of the proceedings against him.

2.

He followed along with the trial court, answered clearly and coherently, appropriately consulted with counsel, and affirmed that he understood his plea and the rights he was waiving. While Garber consulted with counsel during the hearing, the state submits that this occurred during times when anyone unfamiliar with the court system or legalese may have had questions, and Garber was given adequate time for his attorney to answer his questions. The state insists that while Garber may have had some intellectual disabilities and past mental treatment, the record demonstrates that he was able to think clearly, was able to consult with counsel, and understood the nature and objective of the proceedings.

{¶ 5} The state also contends that counsel was not ineffective for failing to seek a competency evaluation because he met with Garber on multiple occasions, discussed the issue of competency with Garber, and concluded that Garber was able to make a knowing, intelligent, and voluntary waiver of his rights and enter a plea. The state maintains that counsel was in the best position to determine whether Garber's competence was, or could be, an issue.

{¶ 6} Properly licensed Ohio lawyers are presumed competent. *State v. Banks,* 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995). To establish ineffective assistance of counsel, an

3.

appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 7} "A defendant is incompetent if he 'is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense.'" *State v. Ingram,* 8th Dist. Cuyahoga No. 107587, 2019-Ohio-2438, ¶ 6, quoting R.C. 2945.37(G). Under R.C. 2945.37(B), the court, prosecutor, or defense in a criminal action may raise the issue of the defendant's competence to stand trial. But a defendant is rebuttably presumed to be competent. R.C. 2945.37(G). A competency determination is necessary only when the defendant's competence is in doubt. *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 48, citing *Godinez v. Moran*, 509 U.S. 389, 401, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), fn. 13. The burden of rebutting the presumption of competence is on the party who challenges competence. *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, 804 N.E.2d 1, ¶ 28, citing *State v. Scott*, 92 Ohio St.3d 1, 4, 748 N.E.2d 11 (2001).

4.

**{¶ 8}** To prevail on a claim that counsel was ineffective for failing to seek a competency evaluation, the defendant "must show that his counsel failed to perform an adequate investigation of his possible incompetence." *Lawson* at ¶ 101. Counsel will not be found ineffective for failing to request a competency evaluation "when the defendant does not display sufficient indicia of incompetency to warrant a competency hearing." *Id.* at ¶ 95, citing *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 41.

**{¶ 9}** Moreover, to show prejudice for purposes of a claim of ineffective assistance, the defendant must show that there is a reasonable probability that an evaluation "'would have revealed that he was incompetent to stand trial.'" *Id.* at ¶ 104, quoting *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir.1988). A defendant will be presumed competent to stand trial or enter a plea where he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *State v. Bryant*, 6th Dist. Lucas No. L-08-1138, 2009-Ohio-3917, ¶ 8, citing *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

**{¶ 10}** Here, the record indicates that Garber graduated from high school and that he could read, write, and understand the English language. However, defense counsel did acknowledge—and the PSI indicates— that Garber has "intellectual challenges." Counsel stated that he talked with Garber about "a competency issue or NGRI issue," but

5.

that Garber had elected to enter a plea, which counsel felt he could do knowingly, intelligently, and voluntarily:

> I've had the opportunity to meet with [Garber] on more than one occasion, including yesterday when I went and visited him up in Toledo, and we've discussed a lot of matters. Of course, [Garber] is – has some intellectual challenges, but we discussed waiver of rights. We had a copy of the plea form. I read it to him. He under – I've explained to him the penalties, possibility of prison time, the sexual registry information. His parents participated in that meeting. I believe that he understands what he – what he's doing. We had talked about whether there was a competency issue or NGRI issue, issues of entrapment and suppression of the search warrants, we discussed these issues. I believe that he understands them. He believe – I believe that he can make intelligent, knowing and voluntary waiver of his rights and enter a plea.

{¶ 11} Moreover, there were two instances during the plea hearing where Garber expressed confusion: (1) when the court read the name of the offense, the degree of the offense, and the revised code provision for the offense, and asked Garber if he wished to enter a plea of guilty, and (2) when the court asked Garber if any promises were made in exchange for his plea.

**{¶ 12}** As to Garber's intellectual disabilities, "[a] trial court may not find a defendant incompetent to stand trial or plead guilty solely because he suffers from a mental illness or a learning or intellectual disability." *State v. Moore,* 8th Dist. Cuyahoga No. 108962, 2020-Ohio-3459, ¶ 41, citing *State v. McMillan*, 2017-Ohio-8872, 100 N.E.3d 1222, ¶ 29 (8th Dist). A defendant suffering from an emotional, mental, or learning disability "may still possess the ability to understand the charges and proceedings against him or her and be able to assist in his or her defense." *Id.* "The test for competency focuses entirely on the defendant's ability to understand the meaning of the proceedings against him and his ability to assist in his own defense, which can be satisfied regardless of the defendant's mental status or IQ." *Id.*, citing *McMillan* at ¶ 29. *See e.g., State v. Beck*, 1st Dist. Hamilton No. C-020432, 2003-Ohio-5838, ¶ 27 (finding defendant competent despite low IQ). Courts recognize that defense counsel "'is in the best position to evaluate a client's comprehension of the proceedings.'" *Lawson* at ¶ 64, quoting *Stanley v. Cullen*, 633 F.3d 852, 861 (9th Cir.2011), quoting *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir.1991).

**{¶ 13}** Here, counsel met with Garber and evaluated his ability to comprehend the proceedings, and he determined that Garber was able to render a knowing, intelligent, and voluntary plea. Garber was not incompetent merely because he suffers from an intellectual disability.

7.

**{¶ 14}** As to Garber's confusion during the plea colloquy, Garber maintains that this was a "huge red flag" signifying that Garber did not know "what his plea was to be." We do not interpret that Garber was confused as to "what his plea was to be." Rather, we interpret that Garber became confused when the charge, count, offense level, and statute number—down to the subsection—were read together:

The Court:  And it states here in this document in the opening paragraph that you do desire to enter a plea of guilty to the crime of Importuning in Count 1 of the Indictment, and that is a fifth degree felony and is in violation of Revised Code 2907.07(D)(2)(F)(3).  Is that what you desire to do, sir?

[Garber]:  Um, I don't under—

[Defense Counsel]:  He's asking are you willing to plead guilty to this charge, the importuning, that F5?  That's the offense, that's the Code Section.

THEREUPON, the Defendant conferred with [defense counsel].

Garber spoke with counsel, and after counsel explained what the court meant, Garber confirmed his desire to enter a plea.

[Defense Counsel]:  You got – you have to tell him whether or not you're willing to plead guilty to the charge of the importuning, yes.

[Garber]:  Yes.  I'm willing to –

The Court: That –

[Garber]: -- plead guilty.

The court confirmed that Garber understood.

The Court: Okay. So you do wish to plead guilty to that crime?

[Garber]: Yeah.

{¶ 15} We disagree that this exchange required trial counsel to seek a competency evaluation. To the contrary, the dialogue between Garber and the court demonstrates that Garber understood the objective of the proceedings and the nature and effect of his plea. Garber was candid with the trial court when he needed clarification and was given the opportunity to consult counsel.

{¶ 16} Finally, as to Garber's confusion when the court asked him whether any promises had been made to him regarding the plea "other than what are written in this document," Garber responded that promises *had* been made to him. Counsel told the court that Garber was becoming confused and was permitted time to confer with him. After Garber conferred with counsel, the court again addressed Garber to ensure that Garber meant that the only promise that had been made to him was what was reflected in the written plea agreement itself:

The Court: Well, let me ask you this; there were three charges you were – you – you – three counts, right, of this Indictment?

You had three charges against you; is that right?

9.

[Garber]: Yeah.

The Court: Okay. Do you understand that?

[Garber]: Yeah, I understand that.

The Court: And by you pleading to one of them, the Prosecution's willing to say, okay, you plead to one, we're going to dismiss the other two. Do you understand that?

[Garber]: Yes, Your Honor.

The Court: Okay. And so that is – are there any other deal or conditions that you believe exist?

[Garber]: No, Your Honor.

The Court: No, okay. All right, we'll move on then. Do you have any questions about that?

[Garber]: No, I'm good.

{¶ 17} Garber's responses did not demonstrate a failure to comprehend the objective of the proceedings or nature and the effect of the plea agreement. His initial confusion was understandable—a promise *had* been made to him (i.e., that in exchange for his plea to Count 1, the remaining counts would be dismissed at sentencing). The court simply clarified with Garber that no promises had been made *other than* what was detailed in the plea agreement. This exchange did not evidence that Garber was incompetent and did not require trial counsel to seek a competency evaluation.

10.

{¶ 18} Finally, Garber verified that he was entering his plea on his own free will, he was not being forced to enter his plea, and he understood the contents of the written plea form. He also confirmed for the court that he understood the proceedings:

The Court: Now is there anything that's making it difficult for you to understand what's happening here today?

[Garber]: No, Your Honor.

{¶ 19} We conclude that Garber's interaction with the trial court at the plea hearing evidenced that he had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and had a rational and factual understanding of the proceedings against him. Counsel performed an adequate investigation of his possible incompetence and was not ineffective for failing to request a competency evaluation. Accordingly, we find Garber's assignment of error not well-taken.

### III.    Conclusion

{¶ 20} Garber's intellectual disability, on its own, did not necessitate a competency hearing. Moreover, his dialogue with the court during the plea hearing did not demonstrate that he was incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. As such, trial counsel was not ineffective for failing to request a competency evaluation. We find Garber's sole assignment of error not well-taken.

**{¶ 21}** We affirm the October 7, 2021 judgment of the Sandusky County Court of Common Pleas.  Garber is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                  _____
                                                                      JUDGE

Gene A. Zmuda, J.

                                                      _____
Myron C. Duhart, P.J.                      JUDGE
CONCUR.

                                                      _____
                                                                      JUDGE

---

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.