[Cite as *State v. Zeigler*, 2024-Ohio-2953.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0005 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JACK RYAN ZEIGLER, | Trial Court No. 2022 CR 00672 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: August 5, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Jack Zeigler, appeals his convictions after pleading guilty to seven counts. The issue before us is whether or not Appellant's intellectual disability, alone, rendered him incompetent to stand trial. For the following reasons, we find it did not. The trial court's judgment is affirmed.

{¶2} On September 15, 2022, the State of Ohio Grand Jury indicted Appellant on ten counts.

{¶3} On November 8, 2022, Appellant, through counsel, moved "to determine defendant's competency to stand trial." The motion explained that Appellant had "suspected mental issues" and appeared, at the time, to be "in an altered mental state and incapable of understanding the nature and objectives of the proceedings against him and assisting in his defense."

{¶4} On February 7, 2023, the court held a competency hearing. It ordered Appellant to be examined at the Forensic Psychiatric Center of Northeast Ohio. It also ordered the examiner to submit a written report to the court.

{¶5} On April 6, 2023, Doctor Jessica Heart submitted her competency report on Appellant's mental condition. In her report, Doctor Heart opined that Appellant was not able to understand the nature and objective of legal proceedings, nor was he "presently capable" of assisting in his defense. Among other factors, Doctor Heart noted that Appellant had been diagnosed with an intellectual disability, but "[a]t the same time, however, he demonstrated the ability to learn new information and explain it back after a delay in time." Doctor Heart also found that there was a "substantial probability" Appellant "could be restored to competency."

{¶6} On April 27, 2023, the court held a competency hearing. Both parties stipulated to the competency report. The court found Appellant incapable of understanding the proceedings against him or assisting in his own defense. The court ordered Appellant be committed at the Heartland Behavioral Healthcare for treatment to restore competency.

{¶7} On October 12, 2023, Doctor Megan Shedd submitted a competency restoration report to the court. In her report, Doctor Shedd stated that Appellant's most

2

recent IQ assessment placed his "full scale IQ" at 63. She diagnosed him with intellectual disability, mild severity, autism spectrum disorder, and malingering. She opined, "with reasonable medical certainty", that Appellant was "exaggerating cognitive impairment in great excess of his actual abilities." Doctor Heart recommended that, despite Appellant's diagnoses, he was presently capable of understanding the proceedings against him and assisting in his defense. She last noted that she believed Appellant had been "deliberately feigning adjudicative incompetence for nearly the entirety of his hospital stay."

{¶8} On October 19, 2023, the court held a competency hearing. Both parties stipulated to Doctor Shedd's report. The court found Appellant competent to stand trial.

{¶9} On November 28, 2023, Appellant entered a plea agreement. The court held a plea hearing. Appellant withdrew his not guilty pleas and pled guilty to: Counts one, two, and seven: Rape, first-degree felonies in violation of R.C 2907.02(A)(1)(b)&(B); counts three and four: Unlawful Sexual Conduct with a Minor, fourth-degree felonies in violation of R.C 2907.04(A)&(B)(1); count eight: Gross Sexual Imposition, a third-degree felony in violation of R.C 2907.05(B)&(C)(2); and count nine: Compelling Prostitution, a third-degree felony in violation of R.C 2907.21(A)(3)(a). The state agreed to nolle prosequi counts five, six, and ten.

{¶10} When determining whether or not Appellant's pleas were made knowingly, intelligently, and voluntarily, the court asked if he suffered from any mental illnesses. Trial counsel replied: "He is mentally ill, your Honor, but not sufficient enough that -- he'd be able to stand trial, so he is aware of what's going on here. He does have mental health issues but not sufficient enough to cause him to be incompetent." The court then

3

personally asked Appellant: "Is there anything about your mental illness that would prevent you from understanding what's going on here today?" Appellant replied "No, no, sir."

{¶11} The court accepted Appellant's guilty pleas and proceeded to sentencing. The court sentenced Appellant to an aggregate prison term of ten years to life in prison.

{¶12} Appellant timely appeals and raises one assignment of error: "The trial court erred plainly in finding competent a defendant who had an IQ of 62."

{¶13} Appellant specifically contends that "a defendant is incompetent to assist counsel in a case, if the defendant has an IQ beneath 70."

{¶14} Appellant did not object in the lower proceedings to the court finding him competent to stand trial. Accordingly, he has forfeited all argument aside from plain error.

{¶15} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights." *State v. Obermiller*, 2016-Ohio-1594, ¶ 62. The requirement that the error must have affected substantial rights means that the error must have affected the outcome of trial. *State v. Rogers*, 2015-Ohio-2459, ¶ 22. "We take '[n]otice of plain error . . . with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Obermiller* at ¶ 62, quoting *State v. Long*, 53 Ohio St.2d 91, 97(1978).

{¶16} "Due process requires a criminal defendant be competent to stand trial." *State v. Smith*, 2021-Ohio-2866, ¶ 14 (4th Dist.). A defendant is competent to stand trial, as well as to enter a guilty plea, when he has ""sufficient present ability to consult with

4

his lawyer with a reasonable degree of rational understanding"'" and "'"a rational as well as factual understanding of the proceedings against him."'" *State v. Peters,* 2023-Ohio-2028, ¶ 18 (11th Dist.), quoting *Godinez v. Moran*, 509 U.S. 389, 396(1993), quoting *Dusky v. United States*, 362 U.S. 402(1960). "This standard also applies when a court is determining a defendant's competency to plead guilty or waive his right to counsel." *State v. Lawson*, 2021-Ohio-3566, ¶ 49, citing *Godinez* at 396, 398-399.

{¶17} "[A] defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent." *State v. Neyland*, 2014-Ohio-1914, ¶ 32; *Lawson*, 2021-Ohio-3566, ¶ 48 ("[a] defendant is rebuttably presumed to be competent to stand trial").

{¶18} "An appellate court will affirm a trial court's finding of competency when the record contains some competent, credible evidence supporting such a finding." *State v. Spencer,* 2018-Ohio-4276, ¶ 35 (11th Dist.).

{¶19} A defendant is incompetent if he "is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense." *State v. Ingram*, 2019-Ohio-2438, ¶ 6 (8th Dist.), quoting R.C. 2945.37(G). "A defendant with mental illness or intellectual deficiencies may still be competent to stand trial." *State v. Lechner*, 2019-Ohio-4071, ¶ 24 (4th Dist.). "'Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.'" *Id.*, quoting *State v. Bock*, 28 Ohio St.3d 108, 110 (1986).

5

**{¶20}** Moreover, "[a] trial court may not find a defendant incompetent to stand trial or plead guilty solely because he suffers from a mental illness or a learning or intellectual disability." *State v. Moore*, 2020-Ohio-3459, ¶ 41 (8th Dist.), citing *State v. McMillan*, 2017-Ohio-8872, ¶ 29 (8th Dist). A defendant suffering from an emotional, mental, intellectual, or learning disability "may still possess the ability to understand the charges and proceedings against him or her and be able to assist in his or her defense." *Id.* "The test for competency focuses entirely on the defendant's ability to understand the meaning of the proceedings against him and his ability to assist in his own defense, which can be satisfied regardless of the defendant's mental status or IQ." *Id.*, citing *McMillan* at ¶ 29.

**{¶21}** Appellant contends that he was incompetent to stand trial solely because of his intellectual disability. Appellant neither specifically asserts nor provides any support from the record by a preponderance of the evidence that he was incapable of understanding the nature and objective of the proceedings against him or of assisting in his defense. His intellectual disability alone is insufficient to prove that he was incompetent to stand trial. *Moore*, 2020-Ohio-3459 at ¶ 41.

**{¶22}** The record before us demonstrates that there was competent, credible evidence supporting the trial court's finding that he was competent to stand trial. Doctor Shedd's competency report found him capable of understanding the nature and objective of the proceedings against him and of assisting in his defense. Appellant did not have an independent report prepared to rebut Doctor Shedd's report. Additionally, at the plea hearing, Appellant and trial counsel told the court that he was aware of the proceedings before him and capable of understanding them. Defense counsel ""'is in the best position to evaluate a client's comprehension of the proceedings.'"" *State v. Lawson*, 2021-Ohio-

6

3566, ¶ 64, quoting *Stanley v. Cullen*, 633 F.3d 852, 861 (9th Cir. 2011), quoting *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991).

{¶23} Accordingly, Appellant has not demonstrated that the trial court committed plain error in finding him competent to stand trial despite his intellectual disability.

{¶24} Appellant's assignment of error is without merit.

{¶25} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.