[Cite as *State v. McConnell*, 2021-Ohio-41.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20-CA-00005 |
| | : | |
| JACK A. MCCONNELL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of
                              Common Pleas, Case No. 19-CR-0027


JUDGMENT:                     AFFIRMED


DATE OF JUDGMENT ENTRY:       January 8, 2021


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOSEPH A. FLAUTT                           JAMES S. SWEENEY
PERRY COUNTY PROSECUTOR                    285 South Liberty St.
111 North High Street                      Powell, OH 43065
P.O. Box 569
New Lexington, OH 43764-0569

*Delaney, J.*

{¶1}   Defendant-Appellant Jack A. McConnell appeals the February 3, 2020 sentencing judgment entry of the Perry County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On February 20, 2019, Defendant-Appellant Jack A. McConnell was driving on State Route 204 when his car left the roadway. He exited his car with a handgun and discharged it towards a vehicle driving on the road, occupied by four women. McConnell was arrested and indicted by the Perry County Grand Jury on March 27, 2019 for discharge of a firearm on or near a prohibited premises, a third-degree felony in violation of R.C. 2923.162(A)(3) and (C)(2); having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3); and felonious assault with a firearm specification, a second-degree felony in violation of R.C. 2903.11(A)(2) and (D)(1)(a) and R.C. 2941.145. McConnell entered a plea of not guilty to the charges.

### First Evaluation

{¶3}   McConnell filed a "Motion for Evaluation of Current Competency to Stand Trial and Sanity at the Time of the Alleged Offense" on May 22, 2019. He requested an expert evaluation at the public expense. He simultaneously filed a "Written Plea of Not Guilty by Reason of Insanity."

{¶4}   On May 23, 2019, the trial court granted the motion for evaluation. It ordered the evaluation of McConnell's mental competence and sanity to be completed by Forensic Diagnostic Center of District Nine. McConnell did not object to Forensic Diagnostic Center completing the evaluations.

{¶5}   Reports of the two evaluations conducted by the Forensic Diagnostic Center of District Nine were filed with the trial court on June 28, 2019.

{¶6}   On July 2, 2019, the trial court held a hearing regarding the evaluations. Zach Meranda, trial counsel's partner, appeared at the hearing to represent McConnell because trial counsel was unable to attend the hearing. The trial court asked the parties if the attorneys had an opportunity to review the evaluations, to which both responded they had. (T. 3). The trial court asked:

> THE COURT: Okay. And Mr. Meranda, did you wish to stipulate to either one of those or --
>
> MR. MERANDA: Your Honor, I've had an opportunity to review both the reports. At this time we would stipulate to their findings, and – that's contained in both reports at this time.

(T. 3).

{¶7}   The trial court found McConnell was competent to stand trial. (T. 3). It asked if McConnell was going to withdraw his plea of not guilty by reason of insanity. Meranda stated he would discuss it with McConnell's trial counsel so trial counsel could discuss it with the court. (T. 4).

{¶8}   The trial court journalized its findings via journal entry filed July 3, 2019. The entry stated,

> The parties stipulated to the evaluation. It is Dr. Adkins' professional opinion, with a reasonable degree of psychological certainty, that the Defendant is currently capable of understanding the legal proceedings against him and capable of assisting counsel in his own defense. * * * In

addition, the parties stipulated to Dr. Adkins' report of the Defendant's mental state at the time of the offense also filed on June 28, 2019. (Judgment Entry, July 3, 2019).

## Second Evaluation

{¶9}   On July 25, 2019, McConnell filed a second motion for evaluation at public expense of his competency to stand trial and sanity at the time of the alleged offense. He also filed a written plea of not guilty by reason of insanity. The trial court held a hearing on the motion on August 1, 2019. Trial counsel stated that based on his conversations with his client and McConnell's family, he was requesting a second opinion from Dr. Daniel Davis regarding McConnell's competency to stand trial and sanity at the time of the alleged offense. (T. 4). Trial counsel stated Dr. Davis used a different analysis method than the Forensic Diagnostic Center. (T. 6). The trial court did not understand why McConnell would stipulate to the first evaluation. (T. 4). Trial counsel stated:

> MR. ITAYIM: The results of the first evaluation, we are – we've stipulated to. But we can request a second opinion even if we have agreed – even if we've agreed to stipulate to that document.
>
> THE COURT: And you've agreed that he's competent?
>
> MR. ITAYIM: We – the – the Court deemed him competent. We just stipulated to the document.

(T. 4-5).

{¶10} The trial court issued its judgment on August 19, 2019. It granted the motion in part to allow a second sanity evaluation completed by Dr. Daniel Davis. It denied

McConnell's request for a second competency evaluation completed at the public expense.

{¶11} The evaluation was filed on October 29, 2019.

**Change of Plea and Sentencing**

{¶12} On November 15, 2019, the trial court held a change of plea hearing where McConnell entered a plea of guilty to the charge of felonious assault with a firearm specification. The State dismissed the remaining charges. The trial court conducted a plea colloquy and accepted McConnell's change of plea but ordered a presentence investigation before sentencing. (Plea of Guilty, Nov. 18, 2019).

{¶13} McConnell appeared for a sentencing hearing on January 27, 2020. Via sentencing entry filed February 3, 2020, the trial court sentenced McConnell to three years in prison for felonious assault and three years in prison for the firearm specification, to be served consecutively.

{¶14} It is from this sentencing entry that McConnell now appeals.

**ASSIGNMENTS OF ERROR**

{¶15} McConnell raises one Assignment of Error:

{¶16} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A SECOND COMPETENCY EVALUATION."

**ANALYSIS**

{¶17} McConnell contends in his sole Assignment of Error that the trial court abused its discretion when it denied his request for a second competency evaluation at public expense. Based on the record before us, we disagree.

**First Evaluation**

{¶18} McConnell initially entered a plea of not guilty to the charges, but prior to trial, he filed a written plea of not guilty by reason of insanity ("NGRI") and argued he was not competent to stand trial. Pursuant to R.C. 2945.37(B), "In a criminal action in a court of common pleas, * * * the * * * defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section." After McConnell filed motions raising the issue of his competence to stand trial and his NGRI plea, the trial court ordered an evaluation pursuant to R.C. 2945.371(A):

> If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged. An examiner shall conduct the evaluation.

{¶19} After the evaluations were filed, the trial court held a competency hearing on July 2, 2019. The standard for competence is set forth in R.C. 2945.37(G):

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the

defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

*State v. Russell*, 5th Dist. Ashland No. 18-COA-021, 2019-Ohio-692, 2019 WL 982241, ¶ 11.

{¶20} The definition for the legal insanity standard is set forth in R.C. 2901.01(A)(14). A person is "not guilty by reason of insanity" if the person proves that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts. Notably, the standard for competency is different, in that it relates to the defendant's present mental condition and his ability to understand the nature of the proceedings against him and to assist his counsel in his defense. *State v. Eick*, 5th Dist. Stark No. 2010CA00267, 2011-Ohio-1498, ¶ 28 citing R.C. 2945.37.

{¶21} NGRI is an affirmative defense that must be proved by the defendant by a preponderance of the evidence. *State v. Eick*, 5th Dist. Stark No. 2010CA00267, 2011-Ohio-1498, ¶ 29 citing *State v. Jennings*, 10th Dist. Franklin No. 05AP–1051, 2006–Ohio–3704, 2006 WL 2022235, ¶ 10; *State v. Taylor*, 98 Ohio St.3d 27, 2002–Ohio-7017, 781 N.E.2d 72, ¶ 64; R.C. 2901.05(A). With an insanity defense, the defendant must persuade the trier of fact that at the time of the commission of the offense, he did not know the wrongfulness of his acts, as a result of a severe mental disease or defect. *Jennings* at ¶ 10. The proper standard for determining whether a defendant has successfully demonstrated this defense and thus is entitled to an NGRI instruction is whether he has " ' "introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue." ' " *State v. Thomas*, 10th

Dist. Franklin No. 06AP–675, 2007–Ohio–1171, 2007 WL 778606, ¶ 11, quoting *State v. Tantarelli*, 10th Dist. No. 94APA11–1618, 1995 WL 318730 (May 23, 1995), quoting *State v. Melchior*, 56 Ohio St.2d 15, 20–21, 381 N.E.2d 195 (1978).

{¶22} At the competency hearing, the parties stipulated to the findings in the evaluations. The trial court filed its judgment entry on July 3, 2019, finding McConnell was competent to stand trial.

### Second Evaluation

{¶23} Less than a month later, McConnell filed a second motion for evaluation to determine his competency to stand trial and his mental condition at the time of the alleged offense. After a hearing on the motion, the trial court granted the motion for a second evaluation of McConnell's mental condition at the time of the alleged offense but denied the motion for a second evaluation of his competency to stand trial. McConnell's arguments on appeal solely regard the trial court's denial of his request for a second evaluation of his competency to stand trial.

{¶24} It is within the trial court's discretion to order a second evaluation. R.C. 2945.371(A) states in pertinent part, "If the issue of a defendant's competence to stand trial is raised * * *, the court *may* order one or more evaluations of the defendant's present mental condition." (Emphasis added.) "* * * [T]he use of the word 'may' supports the conclusion that a trial court is not required to order an evaluation of the defendant's mental condition every time he raises the issue. Instead, the wording of the statute implies that the ordering of an examination is a matter within the discretion of the trial court." *State v. Bailey*, 90 Ohio App.3d 58, 67, 627 N.E.2d 1078 (11th Dist.1992); *State v. Eick*, 5th Dist. Stark No. 2010CA00267, 2011-Ohio-1498, ¶ 32. To find that the trial court abused its

discretion in denying Appellant's request for a competency re-evaluation, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶25} McConnell agues the trial court abused its discretion when it denied the motion for a second competency evaluation. McConnell contends in his appeal that while Mr. Meranda (who appeared at the hearing on trial counsel's behalf) stipulated to the findings of the competency evaluation, trial counsel believed that Mr. Meranda only stipulated to the document. McConnell does not cite R.C. 2945.37(E) in support of his argument, but pursuant to that statute, "[t]he prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule." We do not believe R.C. 2945.37(E) supports McConnell's argument on appeal based on the discussion of the competency evaluation at the first and second hearings.

{¶26} At the first hearing, the trial court asked the parties if the attorneys had an opportunity to review the evaluations, to which both responded they had. (T. 3). The trial court next asked:

THE COURT: Okay. And Mr. Meranda, did you wish to stipulate to either

one of those or --

MR. MERANDA: Your Honor, I've had an opportunity to review both the reports. At this time we would stipulate to their findings, and – that's contained in both reports at this time.

(T. 3). Mr. Meranda did not tell the trial court that he only stipulated to the admission of the evaluation into evidence, nor did he object to the admission of the evaluation.

{¶27} Trial counsel stated in his motion for second evaluation that he was requesting a second evaluation because his discussions and recent interactions with McConnell caused him to question McConnell's ability to appreciate the criminal nature of actions he allegedly committed. (Motion, July 25, 2019). At the August 1, 2019 hearing on the motion for the second competency evaluation, trial counsel stated that based on his conversations with his client and McConnell's family, he was requesting a second opinion regarding McConnell's competency to stand trial and sanity at the time of the alleged offense. (T. 4). Trial counsel and the trial court had the following discussion about the stipulation to the first competency evaluation:

THE COURT: So I've already found him competent to stand trial based upon the stipulation.

MR. ITAYIM: I'm aware, Your Honor.

THE COURT: So you're asking for another – another evaluation when he's already been found competent?

MR. ITAYIM: I'm – I'm requesting a second opinion, Your Honor, yes.

THE COURT: I don't understand why you would stipulate to the first evaluation.

MR. ITAYIM: The results of the first evaluation, we are – we've stipulated to. But we can request a second opinion even if we have agreed – even if we've agreed to stipulate to that document.

THE COURT: And you've agreed that he's competent?

MR. ITAYIM: We – the – the Court deemed him competent. We just stipulated to the document.

(T. 4-5). Trial counsel did not state they only stipulated to the admission of the document into evidence pursuant to R.C. 2945.37(E).

{¶28} The trial court and trial counsel next discussed his basis for requesting a second evaluation:

THE COURT: And you want that done at State expense. So what – what is the – what is the reason for the request for a second evaluation?

MR. ITAYIM: It's based on my conversations with my client.

(T. 5). Trial counsel questioned the evaluation done by the Forensic Diagnostic Center:

MR. ITAYIM: Is that they're stating one thing and my conversations with my client ongoing raises additional concerns, and that's why I'm requesting the second opinion. * * * The end result is what I'm – I'm questioning based on their individual evaluations on their testing.

THE COURT: Have you talked to the doctors, questioned them about their evaluation?

MR. ITAYIM: No, Your Honor. I'm just familiar with the Forensic Diagnostic Center. * * * I'm familiar with Dr. – Dr. Davis from Columbus. * * * I found him to be extremely – extremely competent. His reports are more thorough.

The analysis is different. And based on that, I think he'd be a more appropriate individual to – to give a second opinion because he does do different – different testing.

(T. 5-6).

{¶29} On this record, we cannot say the trial court abused its discretion in denying a second competency evaluation of McConnell at public expense. When the trial court ordered the Forensic Diagnostic Center to complete the evaluation of McConnell's competency, trial counsel did not object to the trial court's selection of evaluator. At the competency hearing, counsel for McConnell said they had reviewed the evaluations and stipulated to the findings of McConnell's competency to stand trial. It did not appear from the record that counsel was stipulating to the admission of the evaluation as evidence under R.C. 2945.37(E).

{¶30} Trial counsel provided two reasons to the trial court for a second competency evaluation: (1) his discussions with his client and (2) he was familiar with the Forensic Diagnostic Center. He did not clarify at the hearing whether his familiarity with the Forensic Diagnostic Center was negative or positive. He differentiated between the evaluation completed by the Forensic Diagnostic Center and an evaluation done by Dr. Davis as "different and more thorough." Trial counsel admittedly did not question the evaluators at the Forensic Diagnostic Center as to their methodology or analysis. A different analysis does not automatically indicate a different conclusion. We do not find the trial court abused its discretion to deny a second competency evaluation based on the record in this case.

{¶31} McConnell's sole Assignment of Error is overruled.

**CONCLUSION**

{¶32} The judgment of the Perry County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Gwin, J., concur.