[Cite as *State v. Pettaway*, 2014-Ohio-3513.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                              Court of Appeals No. L-13-1093

     Appellee                                          Trial Court No. CR0201202722

v.

Cameo Pettaway                                     **DECISION AND JUDGMENT**

     Appellant                                          Decided:  August 15, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This is an *Anders* appeal.  Appellant, Cameo Pettaway, appeals the judgment of the Lucas County Court of Common Pleas, imposing a six-year prison sentence following appellant's plea of no contest to one count of felonious assault.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Appellant entered an initial plea of not guilty. On March 12, 2013, appellant withdrew his plea of not guilty and entered a plea of no contest to the charge. At the change of plea hearing, the trial court conducted a Crim.R. 11 colloquy, accepted appellant's plea, and found him guilty. Appellant was sentenced on April 22, 2013, to six years in prison. This appeal followed.

## B. *Anders* Requirements

{¶ 3} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he or she should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide the appellant with a copy of the brief and request to withdraw, and allow the appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

2.

## C. Proposed Assignment of Error

{¶ 4} In his brief, counsel proposes one potential assignment of error:

1) Whether the trial court substantially complied with Crim.R. 11 at the time of the taking of appellant's plea of no contest?

{¶ 5} Appellant has not filed a pro se brief.

## II. Analysis

{¶ 6} In the assignment of error, counsel proposes that the trial court failed to inform appellant of the effect of entering a no contest plea as required by Crim.R. 11(C)(2)(b), and failed to inform him of the maximum financial sanction that could be imposed as required by Crim.R. 11(C)(2)(a). As to the latter argument, we find it to be without merit because the transcript from the change of plea hearing clearly indicates that appellant was informed of the maximum fine:

[THE COURT]: Felony of the 2nd degree carries a basic prison term, that starts off at two years and goes up in yearly increments of 2, 3, 4, 5, 6, 7, maximum penalty of 8 years *with a maximum possible fine of $15,000* knowing those maximum penalties, sir, do you still wish to enter your plea? (Emphasis added.)

[APPELLANT]: Yes.

{¶ 7} Turning to the former argument, to satisfy Crim.R. 11(C)(2)(b)'s requirement to inform the defendant of, and determine that the defendant understands the effect of the plea of guilty or no contest, "a trial court must inform the defendant of the

3.

appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. Crim.R. 11(B)(2) describes the effect of a no contest plea as "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Notably, this information may be provided either orally or in writing. *Jones* at ¶ 51. Furthermore, because the right to be informed of the effect of the plea is a nonconstitutional right, the trial court must only substantially comply with Crim.R. 11(B)(2). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 8} Here, the plea form signed by appellant states, "By pleading no contest, I understand the Court will decide my guilt on the offenses to which I have pled based upon the facts as set forth in the indictment and upon the statement by the prosecutor about the evidence which would have been presented at trial." Similarly, the trial court informed appellant, "In all likelihood I'll by [sic] basing my finding of guilt based solely on the statements made by the prosecutor as to the evidence he would have presented at trial and the facts that were alleged in the indictment." Based upon these statements, we conclude that appellant understood that his plea was not an admission of guilt, but that it was an admission of the truth of the facts alleged in the indictment. However, the

4.

information provided to appellant in no way informed him that the plea shall not be used against him in any subsequent civil or criminal proceeding. Thus, we hold that the trial court did not substantially comply with its requirement to inform appellant of the effect of his plea under Crim.R. 11(C)(2)(b).

{¶ 9} Nevertheless, because the trial court partially complied with the rule, "the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Clark* at ¶ 32. The test for prejudicial effect is "whether the plea would have otherwise been made." *Nero* at 108. The state argues that the only omitted information—that the plea could not be used in subsequent proceedings—is favorable to appellant, and thus appellant cannot demonstrate that he would not have made the plea had he known this information. We agree. We further note that nothing exists in the record to support a determination that appellant would not have entered his plea had he been completely informed. Therefore, we hold that appellant has not demonstrated a prejudicial effect, and is not entitled to have his plea vacated.

{¶ 10} Accordingly, the proposed assignment of error is not-well taken.

### III. Conclusion

{¶ 11} This court, as required under *Anders*, has undertaken our own examination of the record to determine whether any issue of arguable merit is presented for appeal. We have found none. Accordingly, we grant the motion of appellant's counsel to withdraw.

5.

**{¶ 12}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                            JUDGE

Arlene Singer, J.

                                                     _____
Stephen A. Yarbrough, P.J.                  JUDGE
CONCUR.

                                                     _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.