[Cite as *State v. Krauzer*, 2020-Ohio-608.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                               Court of Appeals No. L-19-1018

      Appellee                                          Trial Court No. CR0201802696

v.

Christopher Krauzer                              **DECISION AND JUDGMENT**

      Appellant                                         Decided:  February 21, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Joseph C. Patituce, Bethany R. Stewart and Catherine R. Meehan,
for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Christopher Krauzer, appeals the January 4, 2019

judgment of the Lucas County Court of Common Pleas which, following his no contest

plea to aggravated murder, sentenced appellant to a life imprisonment term with parole

eligibility after 20 years and an additional one-year term for a gun specification.

{¶ 2} Appellant was indicted on September 12, 2018; on September 21, 2018, he entered a not guilty by reason of insanity (NGRI) plea. Competency and criminal responsibility evaluations were conducted by the Court Diagnostic & Treatment Center with the psychologist report indicating the opinion that appellant was able to understand the nature and objective of the proceedings and assist in his defense. At the November 13, 2018 competency hearing, appellant's counsel requested a second criminal responsibility opinion and the matter was again referred to Court Diagnostic.

{¶ 3} Following the second evaluation, on December 19, 2018, appellant withdrew his NGRI plea and entered a no contest plea pursuant to an agreement with the state. On January 4, 2019, appellant was sentenced to 21 years to life imprisonment. This appeal followed with appellant raising two assignments of error for our review:

> Assignment of Error 1: The trial court erred when it accepted appellant's no contest plea after improperly instructing on the effect of said plea during the Criminal Rule 11 plea colloquy and when it failed to ensure appellant was entering into a knowing, intelligent and voluntary plea.

> Assignment of Error 2: Trial Counsel was ineffective for failing to object to competency and sanity reports and by failing to request an independent evaluation of appellant.

{¶ 4} In appellant's first assignment of error, appellant argues that the trial court failed to comply with the Crim.R. 11 requirements prior to accepting his no contest plea. Specifically, appellant argues that he was not properly advised on the effect of a no

2.

contest plea, that the court failed to determine what effect appellant's use of medications had on his understanding of the plea, and that the court erred by not allowing him additional time to consult with counsel before entering his plea.

{¶ 5} Crim.R. 11(C) sets forth the procedure that the trial court must follow in accepting a plea of guilty or no contest. The rule provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to

3.

prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 6} The underlying purpose of Crim.R. 11(C)(2) is to ensure that the defendant has the information needed to make a voluntary and intelligent decision regarding whether to enter a plea. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). Before accepting a guilty or no contest plea, a trial court must strictly comply with the requirements of Crim.R. 11(C)(2)(c) as to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

{¶ 7} In the present case, the trial court advised appellant that by entering a no contest plea he waived the right to a trial by jury or, if he waived the right to a jury trial, a trial to the court. The court also advised him that by pleading no contest he also gave up the right to confront and cross-examine all the witnesses and that the state had the burden to prove its case beyond a reasonable doubt. Additionally, the trial court advised appellant that had the case proceeded to trial the state could not compel him to testify against himself. Thus, the record demonstrates that the trial court strictly complied with Crim.R. 11(C)(2)(c) by providing notice of the constitutional rights appellant was waiving by pleading no contest.

{¶ 8} In addition, a trial court is also required to substantially comply with the non-constitutional requirements of Crim.R. 11(C)(2)(a) and (b) before accepting a guilty or no contest plea. *Veney* at ¶ 14-17.

4.

**{¶ 9}** Before accepting the plea, the trial court addressed appellant and determined that he could read and write the English language. Appellant's counsel indicated that appellant was taking medication for mental health issues but that "he is perfectly able to understand what this court is about to ask him." Appellant confirmed that his prescription medication would not inhibit his understanding of the proceedings. Appellant denied that any threats were made to get him to change his plea to no contest and that the only promises were those made as part of the plea agreement.

**{¶ 10}** Appellant indicated that he would have liked additional time to consider the plea offer; counsel explained to the court that it expired that day. Appellant then expressed his wish to proceed with the plea. Appellant was informed of the sentence and his limited appeal rights.

**{¶ 11}** The court discussed the fact that by entering a no contest plea, appellant was not disputing the allegations and that the court would rely on the state's representation of the evidence against him. The state then set forth its summation of the facts as follows: that on September 5, 2018, in Toledo, Lucas County, Ohio, appellant and the victim were next-door-neighbors who had an ongoing dispute. On that date, they were arguing over a privacy fence and appellant threatened to kill the victim. The victim called police to report the threat. Later in the day, the victim returned home and was walking toward his back steps when appellant, at point blank range, shot him in the head with a .22 caliber rifle. The victim died from his injuries.

5.

{¶ 12} Appellant first argues that the court failed to use the "appropriate language" when instructing appellant on the effect of a no contest plea and that the court failed to state that a no contest plea cannot be used against appellant in any subsequent civil or criminal proceedings. In order to satisfy the requirement of informing a defendant of the nature and effect of a plea, the court must employ the language set forth in Crim.R. 11(B) which relevantly provides that a plea of no contest "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus.

{¶ 13} A failure to strictly comply with Crim.R. 11(B), informing a defendant of the effect of a plea, a nonconstitutional right, will not invalidate a plea absent a showing of prejudice. *Jones* at ¶ 52. However, a *complete* failure to inform a defendant of the effect of his plea does not require a showing a prejudice. *State v. Penkala*, 6th Dist. Ottawa No. OT-14-028, 2015-Ohio-914, ¶ 7, citing *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 11.

{¶ 14} As set forth above, at the December 18, 2018 plea hearing the trial court did not specifically inform appellant that his no contest plea was not an admission of guilt or that it could not be used against him in any subsequent civil or criminal proceedings. Based upon the statements made by the court we conclude that appellant understood that his plea was not an admission of guilt and that it was based on the indictment and the

6.

information provided by the state. Admittedly, the court failed to advise appellant that the plea could not be used against him in subsequent criminal or civil proceedings. Thus, the court failed to substantially comply with Crim.R. 11(C)(2)(b). *See State v. Pettaway*, 6th Dist. Lucas No. L-13-1093, 2014-Ohio-3513, ¶ 8.

{¶ 15} Because the court partially complied with Crim.R. 11(C), appellant must demonstrate that he was prejudiced by the omitted information. *Id.* at ¶ 9. Appellant has failed to assert any prejudicial effect by the omission. Further, as stated in *Pettaway*, the fact that a no contest plea cannot be used in subsequent proceedings is beneficial to the defendant, not prejudicial. *Id.*

{¶ 16} Appellant next contends that the court failed to inquire about his use of medication and the effect, if any, it had on his understanding of the plea proceedings. As set forth above, during the plea proceedings trial counsel informed the court that appellant was taking various medications, but that he did not believe that they impacted appellant's ability to understand and participate in the proceedings. Appellant similarly denied that the medications he was taking impaired his ability to understand the proceedings. Upon review, we conclude that appellant's argument lacks merit.

{¶ 17} Finally, appellant argues that the court erred in failing to allow appellant additional time to consult with his counsel before entering his plea. Appellant's argument is based on the following discussion which took place during the plea proceedings:

7.

THE DEFENDANT: Actually, I wanted a couple weeks to think about it, but he said I had to do it now.

THE COURT: Well, if you need some additional time, Mr. Thebes, I don't have much additional time, but if he's not in a positon to enter the plea –

THE DEFENDANT: I'm going to have to do it then.

MR. THEBES: Judge, the offer is good through today.

THE COURT: Oh.

MR. THEBES: And that's I think where he – his comments are motivated.

THE COURT: So do you wish to proceed with the case today?

THE DEFENDANT: Yes.

{¶ 18} Reviewing the proceedings, when asked, appellant clearly indicated that no threats or promises were made to induce him to enter the plea and that he was prepared to enter the plea. Based on the foregoing we find that appellant's no contest plea was entered knowingly, intelligently, and voluntarily. Appellant's first assignment of error is not well-taken.

{¶ 19} Appellant's second assignment of error asserts that he received ineffective assistance of counsel by counsel's failure to object to the competency and sanity reports and failure to request an independent evaluation of appellant. First, we note that the evaluations ordered and performed were a competency evaluation under R.C.

8.

2945.371(G)(3), and a criminal responsibility (sanity) evaluation under R.C. 2945.371(G)(4).[1] Both were performed by the Court Diagnostic & Treatment Center. At the November 13, 2018 competency hearing, appellant's counsel requested a second criminal responsibility evaluation; the request was granted. The evaluation was also conducted by Court Diagnostic though by a different psychologist.

{¶ 20} On December 18, 2018, a hearing was held on the issue of criminal responsibility. Appellant's counsel, in receipt of the two sanity reports, stated that his client would withdraw the NGRI plea and that appellant was prepared to enter a no contest plea pursuant to an agreement with the state. Appellant then entered his plea.

{¶ 21} In order to demonstrate that trial counsel was ineffective, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 22} "Where a conviction is based on guilty or no contest pleas, the prejudice element requires the defendant to show that there is a reasonable probability that, but for

---

[1] Only the initial competency evaluation of November 8, 2018, is contained in the record.

9.

counsel's errors, he would not have entered a plea. (Citations omitted.)" *State v. Luciano*, 6th Dist. Wood No. WD-14-023, 2015-Ohio-1264, ¶ 24, citing *State v. Trevino*, 6th Dist. Lucas No. L-08-1394, 2009-Ohio-6983, ¶ 16. In order for a defendant to prevail on an ineffective assistance of counsel claim he would have to demonstrate that had an independent or additional competency or sanity evaluation been conducted it would have changed the result in the case. *State v. Anaya*, 6th Dist. Lucas No. L-06-1375, 2008-Ohio-1853, ¶ 27, citing *State v. Johnson*, 1st Dist. Hamilton No. C-030643, 2004-Ohio-3624. *State v. Grissom*, 6th Dist. Erie No. E-08-008, 2009-Ohio-2603, ¶ 24-26.

{¶ 23} In the present matter, there is nothing to suggest that had counsel requested independent competency and criminal responsibility evaluations, appellant would not have entered the no contest plea. Just because trial counsel could have requested an independent evaluation does not render counsel ineffective for failing to do so. *State v. Dunaway*, 12th Dist. Butler Nos. CA2009-05-141, CA2009-06-164, 2010-Ohio-2304, ¶ 80. *See State v. McMillan*, 2017-Ohio-8872, 100 N.E.3d 1222 (8th Dist.).

{¶ 24} Further, as set forth above, appellant fully participated in the plea proceedings and there was no indication in the record before us that he was either unable to participate in the plea proceedings or appreciate the wrongfulness of the act for which he was convicted. Appellant's second assignment of error is not well-taken.

10.

**{¶ 25}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.