[Cite as *State v. Dickerson*, 2021-Ohio-3257.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2021 CA 00005 |
| | : | |
| DONTEZ DICKERSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                                          Common Pleas, Case No. 20 CR 300



JUDGMENT:                                      AFFIRMED



DATE OF JUDGMENT ENTRY:          September 15, 2021



APPEARANCES:


For Plaintiff-Appellee:                          For Defendant-Appellant:

WILLIAM C. HAYES                            JAMES A. ANZELMO
LICKING COUNTY PROSECUTOR        ANZELMO LAW
                                                          446 Howland Dr.
PAULA M. SAWYERS                          Gahanna, OH 43230
ASSISTANT PROSECUTING ATTORNEY
20 S. Second St., 4th Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Dontez Dickerson appeals the December 16, 2020 sentencing judgment entry of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On July 1, 2020, the Licking County Grand Jury indicted Defendant-Appellant Dontez Dickerson one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2); one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(c); and one count of unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04(A). The charges were based on information received by the Newark Police Department on June 12, 2020, when officers responded to a report that Dickerson was engaged in sexual conduct with a 13-year-old. The victim's mother disclosed that the victim told her Dickerson had sex with her approximately five times between March and February 2020 behind a local church. Dickerson told the victim that if he did not have sex with her, he would pursue one of her family members for sex. The victim said Dickerson was aware of her age because he told her that he likes them young.

{¶3} Dickerson filed a motion to enter a plea of not guilty by reason of insanity and a motion for competency. In the motions, counsel alleged that his client had severe developmental disabilities according to Dickerson's grandmother, his service coordinator with the Licking County Board of Developmental Disabilities, and his prior counsel. The Licking County Juvenile Court had twice found Dickerson incompetent. On July 8, 2020, the trial court ordered that Dickerson be evaluated by the Netcare Forensic Center to determine his sanity at the time of the offense and/or his competency to stand trial.

{¶4} Netcare Forensic Center filed the evaluation reports on September 9, 2020. The psychologist first evaluated Dickerson's mental condition at the time of the offense and determined that pursuant to R.C 2945.371(G)(4), it was her opinion that Dickerson was not experiencing acute symptoms of a severe mental disease or defect at the time of the offense charged that prevented him from knowing the wrongfulness of his actions. The psychologist next evaluated Dickerson's competency to stand trial pursuant to R.C. 2945.371(G)(3). It was her opinion that Dickerson (1) had a mental illness and (2) did not have an intellectual disability so that he was presently capable of understanding the nature and objective legal proceedings against him and was presently capable of assisting counsel in his own defense. Dickerson had been diagnosed with ADHD, fetal alcohol syndrome, moderate bipolar disorder, and oppositional defiant disorder for which he was prescribed medication. As to whether Dickerson had an intellectual disability, the psychologist considered her interview with Dickerson, Dickerson's self-report, and collateral information such as his school records to conclude that he did not exhibit an intellectual disability. Dickerson graduated from high school with special education services that classified him as emotionally disturbed with no concerns noted regarding his intellectual ability. He was assessed during school and earned a Full Scale IQ of 82. The psychologist reviewed with Dickerson the nature and objective of the legal proceeding against him, and he demonstrated adequate factual and rational understanding of the court proceedings. The psychologist finally evaluated Dickerson's current capacity to assist in his defense and found that he was capable of efficiently processing information relayed by his attorney and could communicate effectively.

{¶5} The trial court held a competency hearing on September 15, 2020. The State had no objection to the trial court accepting the evaluation reports. Counsel for Dickerson stated:

Your Honor, it is sort of troubling in they said there's no – no mental defect when he has had a case worker with Licking County DD for a number of years who's been – who's reached out to me. I understand that that doesn't necessarily mean that he is incompetent and can't assist in his own defense, so we would – we would stipulate to the findings in the report.

(Competency Hearing, T. 4). The trial court issued a judgment entry on September 15, 2020 accepting the Netcare report and adopting the findings that Dickerson knew the wrongfulness of his actions at the time of the offense and was capable of understanding the nature and objective of the proceedings and assisting in his defense and was, therefore, competent to stand trial.

{¶6} The trial was originally scheduled for October 20, 2020. On October 19, 2020, the State filed a motion to dismiss with prejudice counts one and two, and proceed only on count three, unlawful sexual conduct with a minor. Dickerson filed a motion to continue the trial because he argued he was eligible to be screened for SORN Diversion. Dickerson also filed a motion to withdraw his not guilty plea so that he could apply and be screened for SORN Diversion. On October 20, 2020, the trial court denied Dickerson's motion to withdraw his not guilty plea. The trial court stated the SORN Diversion was a sex offender diversion program that was post plea. Pursuant to SORN Diversion, the defendant entered a guilty plea, and the trial court determined whether the defendant was amenable to SORN Diversion. (Judgment Entry, Oct. 20, 2020). The trial court also filed

a judgment entry granting the motion to continue and setting the matter for a change of plea and sentencing hearing.

{¶7} On December 16, 2020, the matter came on for a change of plea and sentencing hearing. Dickerson changed his plea to the charge of unlawful sexual conduct with a minor to guilty, and after the plea colloquy, the trial court accepted his plea and found Dickerson guilty of the fourth-degree felony. Prior to sentencing, the trial court stated it had reviewed the presentence investigation report prepared for the sentencing hearing. Counsel for Dickerson informed the trial court that Dickerson was technically eligible for SORN Diversion. He referred the trial court to Dickerson's diagnoses of mental health disorders and cognitive delays, where although Dickerson completed high school, he was developmentally many years younger than his age (19 years old at the time of the hearing). The State had no recommendation on sentencing and deferred to the trial court.

{¶8}   The trial court stated:

* * * the Court's considered the purposes and principles of sentencing set out under Section 2929.11, as well as the seriousness and recidivism factors set out under Section 2929.12. You don't appear to be a good candidate for SORN Diversion, in my opinion, and on that basis today, I'll impose a term of 18 months at the state penitentiary.

(Sentencing Hearing, T. 19). The trial court journalized Dickerson's sentence to 18 months in prison via judgment entry filed December 16, 2020.

{¶9}    It is from this judgment entry that Dickerson now appeals.

**ASSIGNMENTS OF ERROR**

{¶10} Dickerson raises three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN FINDING THAT DICKERSON WAS COMPETENT TO PROCEED WITH THE LEGAL MATTERS AGAINST HIM, IN VIOLATION OF THIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶12} "II. THE TRIAL COURT ERRED WHEN IT SENTENCED DICKERSON TO PRISON, INSTEAD OF COMMUNITY CONTROL, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶13} "III. DICKERSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

**I. and III. Competency to Stand Trial**

{¶14} Dickerson's first and third Assignments of Error concern the trial court's determination that he was competent to stand trial. In his first Assignment of Error, he argues the trial court's determination was in error. In his third Assignment of Error, he states he was denied the effective assistance of counsel because counsel stipulated to the competency evaluation and did not ask for a second opinion, thereby prejudicing him in this case. We consider the Assignments of Error together for ease of discussion.

*Finding of Competency to Stand Trial*

{¶15} We review the decisions of the trial court regarding competency evaluations for an abuse of discretion. *State v. Cook,* 2016-Ohio-2823, 64 N.E.3d 350, ¶ 63 (5th Dist.)

citing *State v. Dye*, 5th Dist. Licking No. 99–CA–2, 1999 WL 770619, *2 (Sept. 2, 1999). In order to find that the trial court abused its discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Due process requires a criminal defendant be competent to stand trial. *State v. Smith*, 4th Dist. Pickaway No. 19CA33, 2021-Ohio-2866, ¶ 14 citing *State v. Lechner*, 4th Dist. Highland No. 19CA3, 2019-Ohio-4071, at ¶ 25; *State v. Berry*, 72 Ohio St.3d 354, 359, 1995-Ohio-310, 650 N.E.2d 433. "It has long been accepted that a person who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 95 S. Ct. 896, 420 U.S. 162, 171 (1975). Thus, "[c]onviction of an accused while he or she is legally incompetent is a violation of due process." *Smith*, 2021-Ohio-2866 at ¶ 14 citing *State v. Merryman*, 4th Dist. Athens No. 12CA28, 2013-Ohio-4810, ¶ 14.

{¶17} "The United States Supreme Court established the test for competency and requires the court to determine if an accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'" *Id.* at ¶ 15 citing *Lechner, supra*, at ¶ 26, quoting *Dusky v. United States*, 80 S.Ct. 788, 789, 362 U.S. 402 (1960). "The competency standard for entering a plea 'is the same as the competency standard for standing trial.'" *State v. Adkins*, 4th Dist. Lawrence No. 20CA3, 2021-Ohio-711, 2021 WL 929924, ¶ 9 quoting *Godinez v. Moran*, 509 U.S. 389, 391, 113 S.Ct. 2680

(1993); *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1064, ¶ 57. R.C. 2945.37(G) recites the competency test as follows:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

{¶18} Pursuant to the above subjective test, if a defendant is capable of understanding the nature and objective of the proceedings and assisting in the defense, then the defendant is competent to stand trial. A defendant with mental illness or intellectual deficiencies, however, may still be competent to stand trial. *Smith, supra* at ¶ 16 citing *Lechner, supra* at ¶ 27. "'Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.'" *Smith, supra* at ¶ 16 quoting *Lechner, supra*, quoting *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶19} In this case, the trial ordered Netcare Forensic Center to evaluate Dickerson's competency and sanity pursuant to R.C. 2945.371(G). The competency and sanity evaluation reports, completed by a board-certified forensic psychologist, contained a detailed and step-by-step explanation of Dickerson's evaluation. The psychologist considered Dickerson's self-reporting, reviewed legal documents from the criminal case,

and reviewed records from Nationwide Children's Hospital, the Licking County Justice Center, Licking Memorial Hospital, and educational records. The reports explained the data and the findings upon which the psychologist's opinion was based. The report evaluated Dickerson's current mental condition, whether he had a mental illness, whether he presently had an intellectual disability, evaluated his current capacity to understand the nature and objective of the legal proceeding against him, and evaluated his current capacity to assist in his defense. The psychologist stated it was her opinion that: (1) Dickerson's current mental condition was not marked by any significant impairment, (2) he had a mental illness, (3) he did not have an intellectual disability, (4) he was currently capable of understanding the nature and objectives of the legal proceedings against him, and (5) he was currently capable of assisting counsel in his own defense.

{¶20} The trial court held a competency hearing in accordance with R.C. 2945.37. The State and counsel for Dickerson stipulated to the report.

{¶21} We conclude the trial court's finding of competency was made after ordering a competency evaluation and holding a hearing on the matter. The trial court's finding was based on the detailed evaluation and report prepared by a forensic psychologist. The report was stipulated to by the State and Dickerson's counsel. Based upon our review, the record contains reliable and credible evidence to support the trial court's decision that Dickerson was competent to stand trial and/or enter a plea. We find the trial court did not abuse its discretion in determining Dickerson was competent to stand trial. We therefore overrule Dickerson's first Assignment of Error.

*Ineffective Assistance of Counsel*

{¶22} In his third Assignment of Error, Dickerson contends he was denied the effective assistance of counsel because his trial counsel did not object to the competency evaluation or request a second opinion. We disagree.

{¶23} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶24} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶25} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶26} We found above that the trial court did not abuse its discretion when it determined Dickerson was competent to stand trial and/or enter a plea; as such, we find

that Dickerson cannot establish that his counsel was incompetent and there was a reasonable probability the result of the proceeding would have been different.

{¶27} Dickerson entered a guilty plea to unlawful sexual conduct with a minor. When the defendant enters a guilty or no contest plea, the prejudice element requires the defendant to show that there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea and insisted on going to trial. *State v. Lindenmayer*, 5th Dist. Licking No. 08-CA-142, 2009-Ohio-3982, 2009 WL 2457774, ¶ 86*; State v. Krauzer*, 6th Dist. Lucas No. L-19-1018, 2020-Ohio-608, 2020 WL 865274, ¶ 22. "In order for a defendant to prevail on an ineffective assistance of counsel claim he would have to demonstrate that had an independent or additional competency or sanity evaluation been conducted it would have changed the result in the case." *State v. Krauzer*, 6th Dist. Lucas No. L-19-1018, 2020-Ohio-608, 2020 WL 865274, ¶ 22; *State v. Anaya*, 6th Dist. Lucas No. L-06-1375, 2008-Ohio-1853, ¶ 27, citing *State v. Johnson*, 1st Dist. Hamilton No. C-030643, 2004-Ohio-3624. *State v. Grissom*, 6th Dist. Erie No. E-08-008, 2009-Ohio-2603, ¶ 24-26.

{¶28} Dickerson cannot show that counsel's objection and request for second evaluation would have changed the outcome of the proceeding. It is within the trial court's discretion to order a second evaluation. R.C. 2945.371(A) states in pertinent part, "If the issue of a defendant's competence to stand trial is raised * * *, the court may order one or more evaluations of the defendant's present mental condition." (Emphasis added.) "* * * [T]he use of the word 'may' supports the conclusion that a trial court is not required to order an evaluation of the defendant's mental condition every time he raises the issue. Instead, the wording of the statute implies that the ordering of an examination is a matter

within the discretion of the trial court." *State v. McConnell*, 5th Dist. Perry No. 20-CA-00005, 2021-Ohio-41, 2021 WL 83792, ¶ 24 quoting *State v. Bailey*, 90 Ohio App.3d 58, 67, 627 N.E.2d 1078 (11th Dist.1992); *State v. Eick*, 5th Dist. Stark No. 2010CA00267, 2011-Ohio-1498, ¶ 32.

{¶29} Just because trial counsel was able to request an independent evaluation, it does not render counsel ineffective for failing to do so. *State v. Krauzer*, 6th Dist. Lucas No. L-19-1018, 2020-Ohio-608, 2020 WL 865274, ¶ 23; *State v. Dunaway*, 12th Dist. Butler Nos. CA2009-05-141, CA2009-06-164, 2010-Ohio-2304, ¶ 80. S*ee State v. McMillan*, 2017-Ohio-8872, 100 N.E.3d 1222 (8th Dist.). "The decision not to request another evaluation may have been a tactical strategy, since a second report finding appellant competent to stand trial and not under any mental illness would bolster the state's position." *State v. Dunaway*, 12th Dist. Butler No. CA2009-05-141, 2010-Ohio-2304, 2010 WL 2029051, ¶ 80.

{¶30} The competency evaluation was completed by a forensic psychologist who prepared a detailed report as to the bases for determining Dickerson was competent to stand trial. The competent and credible evidence supported a competency finding and we cannot say that Dickerson's trial counsel was outside the range of professional competent assistance when he did not object to the evaluation and request a second evaluation. Dickerson's third Assignment of Error is overruled.

## II. Sentencing

{¶31} Dickerson contends in his second Assignment of Error that the trial court erred when it imposed a prison sentence, rather than community control sanctions, upon

Dickerson's conviction for a violation of R.C. 2907.04(A), a fourth-degree felony. We disagree.

{¶32} Dickerson pleaded guilty to the offense of unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04(A). Pursuant to R.C. 2929.13(B)(1)(b), the trial court was not required to sentence Dickerson to a term of community control. R.C. 2929.13(B)(1)(b) reads, "[t]he court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

* * *

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

{¶33} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶34} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶35} Here, Dickerson does not argue that his sentence is contrary to law, and we find that his sentence is within the statutory range for a fourth-degree felony. R.C. 2929.14(A)(4). This Court is therefore without authority to disturb Dickerson's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12.

{¶36} In the instant case, the trial court was not required to sentence Dickerson to community control and the trial court was within its discretion to impose a prison term.

The trial court heard arguments from Dickerson's counsel and considered the presentence investigation report. A review of the record shows the clear and convincing evidence supports the trial court's findings under R.C. 2929.11 and 2929.12.

{¶37} Dickerson's second Assignment of Error is overruled.

## CONCLUSION

{¶38} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.