**[Cite as *State v. Carter*, 2025-Ohio-4918.]**

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00008 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2024 CR 00615 |
| HENRY CARTER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 27, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, Kevin W. Popham, Appellate Judges

**APPEARANCES:** Kenneth W. Oswalt, Licking County Prosecutor's Office, for Plaintiff-Appellee; Brian A. Smith, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1} Defendant-appellant Henry Carter appeals the judgment entered by the Licking County Common Pleas Court convicting him following his plea of no contest to breaking and entering (R.C. 2911.13(A)) and sentencing him to two years of community control. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 18, 2024, Newark Police responded to a report of an alarm going off at a Subway restaurant in Newark, Ohio. Upon arrival, police discovered a bird bath had been thrown through the window of the restaurant. On video received from Subway, police observed a man throw the bird bath through the window, enter the business, and steal food. The video was shown to other local police, and a Heath detective was able to identify Appellant as the perpetrator.

{¶3} Appellant was indicted by the Licking County Grand Jury with one count of breaking and entering. Appellant filed a motion to enter a plea of not guilty by reason of insanity and a request for an evaluation of his mental competence. Similar motions were filed in Appellant's two pending cases in municipal court. The trial court noted the docket in Licking County Municipal Court indicated a competency evaluation had been requested a month earlier, and the trial court in the instant case would rely upon the competency evaluations filed in the municipal court cases once those evaluations were completed. Judgment Entry, October 17, 2024.

{¶4} Appellant entered a plea of no contest to the charge of breaking and entering and was convicted upon his plea. The trial court sentenced him to two years of

community control.  It is from the February 3, 2025 judgment of the trial court Appellant prosecutes his appeal.

{¶5}   Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), *rehearing den*., 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶6}   We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN RELYING UPON THE COMPETENCY REPORTS FROM THE LICKING COUNTY MUNICIPAL COURT, IN LIEU OF ORDERING ITS OWN INDEPENDENT COMPETENCY EVALUATION.

**{¶7}** R.C. 2945.371(A) provides:

If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged. An examiner shall conduct the evaluation and the evaluation may be conducted through electronic means.

**{¶8}** We review the decisions of the trial court regarding competency evaluations for an abuse of discretion. *State v. Dickerson,* 2021-Ohio-3257, ¶ 15 (5th Dist.). In order to find the trial court abused its discretion, we must find the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** In the instant case, at a hearing on October 17, 2024, counsel for Appellant represented to the court she had concerns about Appellant's mental health, and asked the trial court to order an assessment. The trial court noted mental health evaluations

were to be conducted in Appellant's two municipal court cases, and the court was inclined to wait to see what happened with those evaluations. By judgment filed the same date, the trial court indicated it would rely on the pending evaluation ordered by the Municipal Court. We find the trial court did not abuse its discretion in relying on the evaluations ordered by the municipal court in the same time frame as the instant case rather than ordering a separate evaluation.

{¶10} Appellant's proposed assignment of error is overruled.

{¶11} After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Licking County Court of Common Pleas. Costs are assessed to Appellant.

By: Hoffman, J.

Baldwin, P.J. and

Popham, J. concur